# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE LAMBROS J. KUTRUBIS, ) <br> ) <br> Debtor. ) <br> ) <br> _____ ) <br> ) <br> GLORIA BOWMAN, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> LAMBROS J. KUTRUBIS, ) <br> ) <br> Appellee. ) | Appeal from the United States <br> Bankruptcy Court for the Northern <br> District of Illinois, Eastern Division <br><br> Bankr. No. 010 B 00870 <br> Adversary Proceeding No. 10 A 01590 <br> Bankruptcy Judge Eugene R. Wedoff <br><br> Dist. Ct. No. 10 C 7006 <br> District Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER ON APPEAL

Appellant Gloria Bowman filed this appeal from a final order of the bankruptcy court. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). In considering a bankruptcy appeal, the Court reviews factual findings for clear error, while conclusions of law are reviewed *de novo*. See *In re Midway Airlines*, 383 F.3d 663, 668 (7th Cir. 2003); *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000). As explained below, Appellant's failure to obtain a stay from the bankruptcy court (or a stay from this Court) renders her appeal moot and warrants dismissal. Appellant's motion to extend time to file reply [32] is respectfully denied.

I.  **Background**

  A.  **Factual Background**

On January 12, 2010, Debtor/Appellee Lambros J. Kutrubis filed a voluntary petition seeking relief under the provisions of Chapter 11 of Title 11 of the Bankruptcy Code. Debtor filed his plan of reorganization and disclosure statement on June 1, 2010. One of the assets listed

on Debtor's schedule B is an economic interest in a partnership ("Halsted Partnership"), which owns improved real property located at 231-22 S. Halsted, Chicago, Illinois ("Halsted Property"). The Halsted Property was appraised for $1,100,000 in 2007. As of the petition date, the property was encumbered by two mortgages in favor of Park National Bank in the approximate principal amount of $400,000. Debtor personally guaranteed the mortgages.

Debtor owned a 25% partnership interest in the Halsted Partnership. His partnership interest was terminated by a divorce judgment entered by the Circuit Court of Cook County, and Debtor's partnership interest became a 25% economic interest. The divorce judgment also directed Debtor and his ex-wife, Betty Stokes, to pay the Halsted Partnership $50,373 for unpaid partnership expenses.

On July 6, 2010, Debtor moved the bankruptcy court to approve the sale of his economic interest in the Halsted Partnership pursuant to § 363 of the Bankruptcy Code (the "Partnership sale" or the "363 sale") upon the terms set forth in a written offer from Andreas and Anastasia Koumi, who collectively owed a 50% interest in the Halsted Partnership. The Koumis offered Debtor $125,916 for his 25% economic interest, which represented the 25% of the equity in the Halsted Property, less the $50,373 in expense reimbursement that remained due and owing as a result of an accounting at the time. Notably, the offer (1) was based on appraised value of $1,100,000 for the Halsted Property in 2007 (and thus prior to market distress); (2) required the Buyers to refinance the $394,844 mortgages on the Halsted Property (upon which Debtor remained personally liable as a guarantor); (3) reflected no discount for the non-controlling and non-voting nature of Debtor's economic interest; and (4) extinguished Debtor's liability to the Partnership while preserving his right to seek contribution from his former spouse for her share of the expense reimbursement.

Debtor provided notice of the motion to the United States Trustee, his creditors, and other parties in interest who had requested notice in his bankruptcy proceedings. On August 3, 2010, Appellant Gloria Bowman, the daughter of Debtor's ex-wife and owner a five percent interest in the Halsted Partnership, initiated an adversary proceeding against Debtor and filed an objection to the sale. Bowman claimed that Debtor had "no interest of monetary value" in the Halsted Partnership to sell, that Debtor owed her (and other members of the Partnership) more than what Debtor would realize from the sale, and cryptically suggested that her claim might be secured. There was no expressed objection to the prospective purchaser or the purchase price.

On August 25, 2010, Bankruptcy Judge Eugene R. Wedoff held a hearing on the motion to approve the sale of Debtor's interest in a partnership. During the hearing, he identified the issue as follows:

> The principal matter before the court today is a motion to approve the sale of the debtor's interest in a partnership. Actually it's not quite the debtor's interest in the partnership. It's the value of that partnership interest which the debtor formerly held, but no longer holds owing to an order that was entered in a divorce proceeding in state court. The only question from a bankruptcy point of view is whether the debtor is getting an appropriate return for selling this interest, number one; and number two, whether any party has a basis for objecting to the sale apart from the sufficiency of the price under Section 363. The only objection that I've received in writing is from the co-owner of the partnership interest [Ms. Bowman], claiming that the debtor's partnership interest is somehow encumbered by a claim that the co-owner has against the debtor. That does not appear to be the case from anything that is in the objection itself. In order to have a security interest in the partnership interest, there would have to be some kind of a judgment that was recorded against the debtor's partnership interest or some other property interest. Merely having a claim against the debtor, does not give you a security interest in any property of the debtor. And that would include the debtor's partnership interest or the residual value of the debtor's partnership interest, which is what we're talking about here. So I find that the objection is not well-founded. And the only question then would be whether the price that the debtor is receiving for this property is adequate. And if no one has a reason to believe that the property is being sold for an insufficient price, I would grant the motion.

No objection was expressed and, at the conclusion of the hearing, the court ordered the sale of Debtor's economic interest in the Halsted Partnership to the Koumis on the terms set forth in the motion.

On August 31, 2010, Bowman filed a motion to vacate the bankruptcy court's August 25 order "due to the alleged deception of Judge Wedoff," essentially raising the same arguments—namely, that the bankruptcy court had been deceived as to the nature of Debtor's interest in the Partnership regarding the extent of Debtor's obligation to her and other partners and the existence of an unspecified (and unrecorded) security interest. On September 8, 2010, Judge Wedoff held a hearing on Bowman's motion to vacate. During the hearing, Judge Wedoff explained the situation to Bowman as follows:

> Okay. We discussed this when the motion to sell was first presented. The idea of a motion to sell is to maximize the value of the item being sold for the benefit of the estate. And the usual reason why someone would object to that is that insufficient consideration is being paid. Now as far as I can tell, the motion to vacate is premised on some other ground that somehow the objecting parties have a security interest in the debtor's interest in the partnership interest that the debtor had prior to an adjudication by a state court divorce proceeding. It doesn't matter. I saw nothing in the motion that indicated any right to an ownership interest. What was set out in the motion was some argument that the objecting parties had a greater interest in the partnership or that they had a personal cause of action against the debtor. In fact, you've got a dischargeability complaint, I guess, that's pending or to be considered. And you may very well have a large claim against the debtor and it may be a nondischargeable claim, but that's a separate question than the propriety of the sale of the debtor's interest in what used to be the debtor's partnership interest. That question is simply is the estate's interest in that property being appropriately sold. And as I discussed with you the last time, I saw no indication that insufficient consideration was being given. I see no basis for any claim of a security interest in that property and, therefore, no basis for vacating the order.

After the bankruptcy court's explanation, Bowman continued to argue to the court. The court explained to her (again, with continued interruptions from Ms. Bowman) why her motion was legally insufficient:

> You have a claim against the partnership assets or a return of your investment perhaps * * * * You have a claim against the debtor for alleged mismanagement of the partnership assets, but you do not have a security interest in the debtor's interest in the partnership. That is a separate question. And your repeating to me what's in your motion doesn't change the circumstance that's relevant here. What you read to me was a finding by a court that the extent of your claim against the partnership remained to be determined. There was no final adjudication in the state court as to what your partnership claims should be and there was certainly no award of a property interest in the debtor's interest in the partnership. So you are quite mistaken when you suggest that you have a security interest in the debtor's interest in the partnership.

At the end of the hearing, the court denied Bowman's motion to vacate.

On September 22, 2010, Bowman filed a notice of appeal, and on the same date, she also filed, served, and presented a motion for stay pending appeal. The motion for a stay was denied. Bowman did not seek a stay pending appeal from this Court. After several extensions from the Court, Bowman filed her appellant brief, which was originally due on January 10, 2011, on July 26, 2011. Additionally, Debtor's case was converted from a Chapter 11 reorganization to a Chapter 7 liquidation, and Gregg Szilagyi was appointed as bankruptcy Trustee to administer the estate. By virtue of the appointment, the Trustee became a party in interest with respect to the claims by and against Debtor's estate and requested leave to respond to Bowman's appeal. The Court granted the Trustee's request and gave the Trustee one week, until September 28, 2011, to file his brief. The Court then gave Appellant Bowman three weeks, until October 19, to respond.

In his brief, the Trustee pointed out that during the pendency of this appeal, the sale of Debtor's Partnership interest was completed in November 2010, and in May 2011, the proceeds of the sale were partially distributed to George S. Feiwell, P.C., a judgment creditor that perfected a judgment lien on Debtor's assets by filing a Citation to Discovery Assets served on Debtor in July 2009 (before Debtor's petition was filed). In February 2011, Feiwell obtained a lien on the proceeds of the Partnership sale. On May 6, 2011, Debtor moved to partially pay

Feiwell's secured claim by distributing 40% of the proceeds of the Partnership sale to Feiwell. There is no evidence in the record that Bowman objected to the partial payment of Feiwell's secured claim, and the motion was granted on May 25, 2011. The sum of $50,366.40 was tendered to Feiwell in partial satisfaction of its secured claim against Debtor.

### B. Motion to Extend Time to Reply

On October 19, 2011, Appellant Bowman filed a motion to extend the time for filing a response to Trustee/Appellee's brief regarding dismissal. As previously noted, Appellant was given 21 days to respond to the Trustee's brief. Although the Court regrets the unfortunate circumstances set forth in Appellant's motion—particularly regarding the health of her father—the Court declines to grant Appellant's request for additional time to brief the issues raised in this appeal. This bankruptcy case has been pending for over a year, and, as set forth below, the undisputed record below compels dismissal for a number of reasons, many of which were highlighted at the Court's hearing on September 21, 2011. Moreover, Appellant already filed her appellant brief, after she requested and received seven months worth of extensions, and the Court has thoroughly considered that brief in resolving this appeal. Therefore, rather than invite Appellant to spend additional time on a hopeless appeal that has been pending for far too long already (largely on account of the seven months worth of extensions previously given to Appellant to file her initial brief)—the Court denies her request for additional time and sets forth the clear reasons for dismissal below. Simply put, the dispositive issue is of the nature that any brief that Appellant might file would not be helpful to the Court in resolving this appeal.

## II. Analysis

The thrust of Bowman's appeal is whether the bankruptcy court, acting under a misapprehension, erred in approving the sale of Debtor's interest in a partnership to the Koumi

family. Chapter 7 Trustee/Appellee Gregg Szilagyi maintains that Bowman's failure to obtain a stay of the Partnership sale renders her appeal moot. Without a doubt, Bowman's *pro se* status has complicated these proceedings; however, the Rules of Bankruptcy Procedure apply equally to *pro se* litigants. Bowman was obligated to comply with the same rules of procedure required of litigants that are represented by attorneys. For the reasons discussed below, she failed to do so and thus her appeal must be dismissed.

In this case, Bowman did not obtain a stay from the bankruptcy court or seek a stay from this Court.[1] When a trustee sells estate property to a good faith purchaser, section 363(m) requires a party challenging a sale order to obtain a stay pending appeal, or the appeal becomes moot once the sale is made.[2] See 11 U.S.C. § 363(m); see also *Hower v. Molding Systems Engineering Corp.*, 445 F.3d 935, 938 (7th Cir. 2006) ("The district court ruled that Hower's appeal was moot because the disputed sale had already taken place. This is correct. The Bankruptcy Code provides that absent a stay of sale, appeals of orders authorizing asset sales do not affect the validity of sale to entities that purchased the assets in good faith."); *In re Vlasek*, 325 F.3d 955, 961 (7th Cir. 2003) ("In further interest of finality, when a party seeks review of a validity-of-sale decision [pursuant to § 363], it must seek to stay that decision pending appeal * * * * The stay requirement bolsters third-party purchaser reliance by minimiz[ing] the chance that purchasers will be dragged into endless rounds of litigation to determine who has what rights in

---

[1] Bankruptcy Rule 8005 expressly provides that even in the face of a denial of a stay by the bankruptcy court, "A motion for such relief * * * may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court."

[2] Although there was not an express good faith finding with respect to the Partnership sale, Bowman has posited no objection or challenge to the buyers and clearly was aware of their status as her fellow partners, obviating the need for a formal finding. See, *e.g.*, *In re Firstmark Corp.*, 46 F.3d 653, 656 (7th Cir. 1995) (citing with approval the court's statement that "sale of a debtor's property to an insider is not bad faith per se" and only constitutes bad faith if there is a breach of the duty of full disclosure).

7

the property") (internal quotations omitted); *In re CGI Industries, Inc.*, 27 F.3d 296 (1994).

Section 363 expressly provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). As the Seventh Circuit noted in *CGI Industries*, the plain language in § 363(m) "leaves no doubt as to the need for a stay pending appeal when the sale of estate property is challenged," reasoning that "[t]his rule 'is in furtherance of the policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely.'" 27 F.3d at 298-99 (citing *In re Vetter Corp.*, 724 F.2d 52, 55 (7th Cir. 1983) (quoting 14 COLLIER ON BANKRUPTCY § 11—62.03 at 11—62—11 (14th ed. 1977)).

In *CGI Industries*, the Seventh Circuit also stressed that the need for a stay pending appeal is consistent with a court's general jurisdictional bar from deciding cases in which it cannot provide a remedy. 27 F.3d at 299. The court identified several cases in which it held that "when a party challenges the bankruptcy court's order approving the sale of estate property to a good faith purchaser, it must obtain a stay of that order pending appeal, lest the sale proceed and the appeal become moot." 27 F.3d at 299 (citations omitted). Notably, in *CGI Industries*, the bankruptcy court had granted a stay, albeit after the sale was consummated. *Id.* at 298. The Seventh Circuit held that the belatedly obtained stay was not enough to preserve the appeal, reasoning:

> The rub here is that CGI and the law firm did obtain a stay, but not until after the sale had already been consummated. Their failure to do so sooner cannot be overlooked, in view of the interests underlying section 363(m). The request for a

> stay of the sale order is not simply another formality to be observed in perfecting an appeal. A stay serves to maintain the status quo pending appeal, thereby preserving the ability of the reviewing court to offer a remedy and holding at bay the reliance interests in the judgment that otherwise militate against reversal of the sale. Thus, although section 363(m) does not state explicitly that a stay must be obtained *before* the sale is consummated, we believe that requirement to be implicit in the very purpose of the rule. Once the sale has gone forward, the positions of the interested parties have changed, and even if it may yet be *possible* to undo the transaction, the court is faced with the unwelcome prospect of "unscrambl[ing] an egg."

*Id.* at 299-300 (quoting *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir.1994)). The Seventh Circuit affirmed the district court's dismissal of the appeal. *Id.*

In the present case, in the time between the approval of the Partnership sale order and Bowman's filing of her appellate brief, the sale was consummated and the proceeds partially distributed. Thus, based on clear Seventh Circuit precedent, Bowman's failure to secure a stay from the bankruptcy court or this Court prior to the sale has rendered her appeal moot.

\* \* \*

Because the appeal is moot, the Court need not consider the merits of the appeal. However, a few points are worth mentioning. First, the sale did not extinguish any interest that Bowman could claim. The sale did not convey any interest in the underlying Halsted Property and did not even convey a share in the Halsted Partnership. Rather, it merely conveyed Debtor's limited economic interest in the Halsted Partnership. Thus, the sale had no bearing on Bowman's partnership rights. Second, although she continues to argue that her claims against Debtor have not been given adequate consideration, Bowman simply has not demonstrated that she had any interest that would have legally encumbered the sale. And finally, Bowman has not provided any basis to question the adequacy of the consideration received in exchange for Debtor's economic interest in the Partnership. Rather, at their core, Bowman's objections are driven by the understandable grievance that Debtor has allegedly evaded payment of his

9

obligations to her and/or the Partnership. However, this does not mean that the sale of his economic interest in the Partnership was not in the best interest of the estate or that the bankruptcy court abused its discretion in approving the sale. See, *e.g.*, *Hower v. Molding Systems Engineering Corp.*, 445 F.3d 935, 939-40 (7th Cir. 2006) ("the very existence of bankruptcy courts contemplates that sometimes unsecured creditors will fail to collect all or part of their legitimate claims. The task of the court is to * * * apportion the loss equitably and efficiently, not to ensure that every creditor gets [her] due."). Even the most charitable reading of Bowman's appellate brief does not remotely suggest that the bankruptcy court abused its discretion in approving the sale.

### III. Conclusion

For the reasons set forth above, Appellant Gloria Bowman's appeal is dismissed as moot. Appellant's motion to extend time to file reply [32] is respectfully denied.

Dated: October 24, 2011

Robert M. Dow, Jr.
United States District Judge

10